UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCO CARACCIOLI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Case No.  5:15-cv-04145-EJD<br><br>**ORDER TO SHOW CAUSE** |

　　　　Plaintiff Franco Caraccioli ("Plaintiff") commenced the instant action on September 11, 2015, against Defendant Facebook, Inc. ("Defendant"), and filed a First Amended Complaint ("FAC") on September 21, 2015.  See Docekt Item Nos. 1, 8.  As is its obligation, this court has reviewed the FAC to determine whether Plaintiff included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry.  See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013).  First, it is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties.  See 28 U.S.C. §§ 1331, 1332.  For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only

when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Factual allegations, and not labels, are determinative of whether a cause of action actually presents a federal question. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

Second, the court must look to the FAC's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

Here, federal question jurisdiction is not clearly established by the FAC. That pleading reveals that Plaintiff asserts ten causes of action against Defendant, none of which are created by federal law. Nor do the factual allegations demonstrate that Plaintiff's claims arise under federal law despite their labels. Thus, on the face of the FAC, federal jurisdiction is not apparent.

Perhaps in recognition of this deficiency, Plaintiff alleges in the FAC's jurisdictional statement that "this case involves substantial issues of federal law involving the Communications Decency Act 47 U.S.C. § 230." See FAC, at ¶ 23. But that allegation, and the discussion of the statute in other areas of the FAC, is still not enough for Plaintiff to satisfy his obligation to establish federal jurisdiction. This is because § 230, which generally works to immunize providers of interactive computer services against liability arising from content created by third parties, is not a claim for relief asserted by Plaintiff. Instead, it is a potential affirmative defense to Plaintiff's claims, no matter its artful inclusion in the FAC. Affirmative defenses are not proper bases for federal jurisdiction. See Effects Assocs., Inc. v. Cohen, 817 F.2d 72, (9th Cir. 1987) ("[A] claim 'arises under' federal law for purposes of federal question jurisdiction on the basis of a well-pleaded complaint, not from anticipation of possible affirmative defenses.").

Accordingly, the court issues an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. If Plaintiff does not, by **October 6, 2015**,

2
Case No.: 5:15-cv-04145-EJD
ORDER TO SHOW CAUSE

demonstrate in writing the basis for this court's subject matter jurisdiction in a manner consistent with the discussion above, the court will dismiss this action without prejudice so that Plaintiff may properly assert the claims in state court. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). To be clear, any response to this order must identify which portions of the FAC in its current form assert a federal claim by (1) identifying the federal law at issue, and (2) specifying the existing allegations relevant to such a claim.

No hearing will be held on the Order to Show Cause unless ordered by the court. The "Motion for the District Court to Hear the Case and not an Alternative Dispute Resolution Program" (Docket Item No. 6) is DENIED.

**IT IS SO ORDERED.**

Dated: September 22, 2015

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-04145-EJD
ORDER TO SHOW CAUSE

3