UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCO CARACCIOLI,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 5:15-cv-04145-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**<br><br>Re: Dkt. No. 39 |

In an order filed on March 7, 2016, this court granted Defendant Facebook, Inc.'s ("Facebook") motion to dismiss the complaint filed by Plaintiff Franco Caraccioli ("Plaintiff") and denied Plaintiff's motion for leave to file another amended complaint. Dkt. No. 29. All of Plaintiff's claims were dismissed without leave to amend, and judgment was entered in favor of Facebook. Plaintiff has since appealed from the judgment. Dkt. No. 31.

In conjunction with the appeal, Plaintiff now moves pursuant to Federal Rule of Appellate Procedure 10(e) to supplement the record with the "original agreement" between Plaintiff and Facebook, which according to Plaintiff's pleading is a document entitled "Privacy Policy" and dated June 28, 2005. Dkt. No. 39. Facebook opposes Plaintiff's motion.

This matter is suitable for decision without oral argument. Civ. L.R. 7-1(b). As to the relief requested by Plaintiff, the court finds, concludes and orders as follows:

1.    A record on appeal generally consists of three items: (1) "the original papers and exhibits filed in the district court;" (2) "the transcript of proceedings, if any;" and (3) "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). "Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and

cannot be part of the record on appeal." Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988).

2. Federal Rule of Appellate Procedure 10(e)(2) governs the correction of an appellate record, and allows the court to "correct" or "supplement" the record when "anything material to either party is omitted from or misstated in the record by error or accident." Importantly, however, the Ninth Circuit has held "that Rule 10(e) is not an appropriate vehicle for expanding the record on appeal with material not considered by the district court in the first instance." United States v. Davis, No. 15-50244, 2016 U.S. App. LEXIS 12881, at *3 (9th Cir. 2016) (citing United States v. Bischel, 61 F.3d 1429, 1436 n.7 (9th Cir. 1995)).

3. Nothing in Plaintiff's motion suggests that the 2005 Privacy Policy was omitted from his pleadings by "error or accident." In fact, the argument in support of the motion provokes an opposite conclusion. Plaintiff admits he was aware that he may have agreed to terms other than those disclosed in the Privacy Policy he attached to the complaint, and "persistently" tried to obtain a copy of the 2005 Privacy Policy. But despite this awareness and his persistent efforts, Plaintiff nonetheless chose to rely on Facebook's Privacy Policy dated January 30, 2015, in fashioning his pleadings. That choice was not an error or accident, but rather a conscious decision by Plaintiff to proceed with the information more easily accessible to him at the time.

4. Furthermore, Plaintiff's contention that this court considered "the issue that [Plaintiff] could not obtain the Original Agreement as it was agreed in the year 2005" is inaccurate. In ruling on Facebook's motion to dismiss, the court merely engaged the examination required by Federal Rule of Civil Procedure 12(b)(6) and limited its review to the complaint and its attachments. The court relied extensively on the 2015 Privacy Policy because it was attached to the complaint. Because the 2005 Privacy Policy was not submitted by Plaintiff, the court did not - and indeed could not - consider it and explicitly stated as much in the order. Caraccioli v. Facebook, Inc., 167 F. Supp. 3d 1056, 1062 n. 3 (N.D. Cal. 2016). Similarly, any representation by Plaintiff the he was unable to obtain a copy of the 2005 Privacy Policy did not factor into the decision on the motion to dismiss since such a representation, if made, is extraneous to issues

Case 5:15-cv-04145-EJD   Document 43   Filed 02/28/17   Page 3 of 3

1  presented by a Rule 12(b)(6) motion.

2  In sum, this motion does not constitute a proper effort to correct the record. It is instead a
3  request to insert a new, post-judgment document that was never filed or considered by the court.
4  As such, the 2005 Privacy Policy is outside the definition provided in Rule 10(a), and cannot be
5  belatedly added to the record through Rule 10(e).

6  For these reasons, Plaintiff's motion to supplement the record (Dkt. No. 39) is DENIED.

8  **IT IS SO ORDERED.**

9  Dated: February 28, 2017



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:15-cv-04145-EJD
ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD